UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA GENRETTE, ) | |
| Parent and next friend of M.S., a minor ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 11-2092 (RJL) |
| ) | |
| OPTIONS PUBLIC CHARTER SCHOOL ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION
(February 27, 2013) [Dkt. ##7, 8]

FILED
MAR 04 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiff Sheila Generette ("Genrette" or plaintiff) filed this action on November 23, 2011, on behalf of her minor son, ("M.S."), seeking $10,814.37 in attorneys' fees and costs incurred in pursuing administrative claims under the Individuals with Disabilities Education Improvement Act ("IDEA") against defendant Options Public Charter School ("Options"). *See* Compl. [Dkt. #1]. The plaintiff and defendant have filed cross Motions for Summary Judgment. For the following reasons, the Court will GRANT the defendant's motion and DENY the plaintiff's motion.

### BACKGROUND

M.S. enrolled at Options in September 2010. Compl. Ex. B at 4 [Dkt. #1-1]. Prior to his matriculation, M.S. was diagnosed with bipolar disorder and

1

attention-deficit-hyperactivity disorder. *Id.* Under IDEA, M.S. is entitled to a free appropriate public education ("FAPE") and an individualized education program ("IEP"). 20 U.S.C. § 1401 (9)(D); 34 C.F.R. § 300.17(d); *Bd. of Educ. of the Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S. 176, 181–82 (1982).

On February 8, 2011, Options convened a meeting to revise M.S.'s IEP in light of his poor educational performance, excessive unexcused absences, and twenty-five-day suspension for possession of marijuana at school. Compl. Ex. B at 5 [Dkt. #1-1]. Genrette participated in the meeting. *Id.* The revised IEP provided for twenty-six hours of specialized instruction per week, one hour of behavioral support services per week, and placement within a special classroom unit. *Id.* at 5–6.

Plaintiff, not surprisingly, had a very different view about the appropriate placement for M.S. and believed that the revised IEP should have provided for a "a more structured, full-time therapeutic school/setting." Compl. Ex. A at ¶ 12 [Dkt. #1-1]. As such, on March 17, 2011, plaintiff filed an administrative Due Process Complaint under IDEA on behalf of M.S., alleging that Options denied M.S. a FAPE and an appropriate IEP. *Id.* at 4–5. The Due Process Complaint requested relief for M.S. in the form of: (1) private placement, (2) compensatory education, and (3) a Functional Behavioral Assessment ("FBA"). *Id.* at 7–8. A Due Process Hearing was convened before Hearing Officer Jim Mortenson on April 27, 2011, and a written Hearing Officer Determination ("HOD") issued on May 11, 2011. Compl. Ex. B [Dkt. #1-1]. The HOD ordered

2

Options to conduct an FBA but denied the requested relief for private placement and compensatory education. *Id.* at 8–9.

After reviewing the HOD, plaintiff filed the present action on November 23, 2011, seeking attorneys' fees under 20 U.S.C. § 1415(i)(3)(B) as the prevailing party in the administrative proceeding. Compl. [Dkt. #1]. The parties do not challenge the HOD, instead their cross motions for summary judgment present two legal questions: (1) whether plaintiff "prevailed" in the legal sense in the underlying administrative action, and (2) if plaintiff prevailed, what amount, if any, would constitute a reasonable award of attorneys' fees. Plaintiff, of course, contends that she prevailed in the Due Process Hearing and is accordingly entitled to a reasonable award of $10,814.37. *See* Pl.'s Mot. Summ. J. ("Pl.'s MSJ") [Dkt. #7]. Defendant, not surprisingly, disputes plaintiff's claim that she prevailed in the underlying action. *See* Def.'s Mot. Summ. J. ("Def.'s MSJ) [Dkt. #8]. For the following reasons, the Court agrees with the defendant's position and grants its Motion for Summary Judgment.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the evidence in the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must accept as true the evidence of, and draw "all justifiable inferences" in favor of, the

non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A party opposing summary judgment "may not rest upon the mere allegations . . . of his pleading"; instead he "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248 (quoting Fed. R. Civ. P. 56(e)). A genuine issue exists only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When evaluating cross motions for summary judgment, "the court shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed." *Select Specialty Hosp. – Bloomington, Inc. v. Sebelius*, 774 F. Supp. 2d 332, 338 (D.D.C. 2011) (citation omitted).

## ANALYSIS

The IDEA contains a fee-shifting provision that permits an award of reasonable attorneys' fees to "the prevailing party" in an administrative due process hearing. 20 U.S.C. § 1415(i)(3)(B); *Moore v. District of Columbia*, 907 F.2d 165, 166 (D.C. Cir. 1990). This Court must determine whether plaintiff achieved prevailing party status in the underlying administrative action and is thereby entitled to an award of reasonable attorneys' fees under 20 U.S.C. § 1415(i)(3)(B). This determination is a question of law based on the administrative record and the HOD. *See McCrary v. District of Columbia*, 791 F. Supp. 2d 191, 196 (D.D.C. 2011). Courts in our Circuit apply a three-part test to determine whether a plaintiff is a prevailing party for purposes of 20 U.S.C. §

1415(i)(3)(B). First, "there must be a court-ordered change in the legal relationship of the parties." *District of Columbia v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010) (quotations and citations omitted). Second, "the judgment must be in favor of the party seeking the fees." *Id.* Third, "the judicial pronouncement must be accompanied by judicial relief." *Id.* In addition, a prevailing party must show that its success was more than "purely technical or *de minimis.*" *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989); *see also Farrar v. Hobby*, 506 U.S. 103, 115 (1992) (holding that a court may deny recovery of attorneys' fees where a plaintiff formally but only nominally prevails). Unfortunately for the plaintiff, her success before the Hearing Officer was *de minimis*. How so?

Plaintiff's Due Process Complaint requested three forms of relief for M.S.: (1) private placement; (2) compensatory education; and (3) an FBA. Compl. Ex. A at 7–8 [Dkt. #1-1]. Plaintiff succeeded only in obtaining an order for defendant to conduct an FBA. Compl. Ex. B at 8–9 [Dkt. #1-1]. Indeed, more important than the denial of the private placement and compensatory education requested, the Hearing Officer did *not* conclude that M.S. was denied a FAPE. *Cf. Artis ex rel. S.A. v. District of Columbia*, 543 F. Supp. 2d 15, 24 (D.D.C. 2008) (holding plaintiff did not prevail where HOD ordered neuropsychological testing but did not conclude child had been denied a FAPE). Thus, in light of plaintiff's requests for private placement and compensatory education, the order for defendant to conduct an FBA is *de minimis* relief insufficient to support an

award of attorneys' fees. *Linda T. ex rel. William A. v. Rice Lake Area School Dist.*, 417 F.3d 704, 708-09 (7th Cir. 2005) (holding that order requiring greater specificity in an IEP was *de minimis* relief where plaintiff had requested private placement). As such, the Court need not address the second issue raised by plaintiff as to the reasonableness of the fees requested.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's Motion for Summary Judgment [Dkt. #8], DENIES plaintiff's Motion for Summary Judgment [Dkt. #7], and DISMISSES the action in its entirety. An order consistent with this decision accompanies this Memorandum Opinion.

*/s/ Richard J. Leon*
RICHARD J. LEON
United States District Judge